UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GERMANY GERMAINE THOMAS** | **CIVIL ACTION NO. 25-576-P** |
| **VERSUS** | **JUDGE DOUGHTY** |
| **SABINE PARISH SHERIFF OFFICE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Germany Germaine Thomas, ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was filed in his court on April 28, 2025. Plaintiff is currently incarcerated at the East Carrol Detention Center, but claims his civil rights were violated by prison officials while incarcerated at the Sabine Parish Detention Center in Many, Louisiana.[1] Plaintiff names the Sabine Parish Sheriff's Office, the Sabine Parish Detention Center, and Medical Staff as defendants.

---

[1] The court ordered Plaintiff to amend his complaint. In Plaintiff's amended complaint, he raised claims that occurred while he was incarcerated at the East Carroll Detention Center and named Kitchen Manager Edith Gibson and Dietician Vickie Wilson as defendants. The court will not consider these claims in this complaint because they occurred while he was incarcerated at the East Carroll Detention Center. If Plaintiff wishes to pursue his claims that occurred while he was incarcerated at the East Carroll Detention Center, he may file a new, separate complaint.

Plaintiff was incarcerated at the Sabine Parish Detention Center from October of 2024 to March of 2025. He claims he is a diabetic and was given the wrong medication. He claims there is no medical staff at the Sabine Parish Detention Center. He claims untrained and uncertified officers pass out the inmates' medications.

Plaintiff claims that upon his arrival at the East Carrol Detention Center, he saw a medical practitioner who informed him that the medication he had been given at the Sabine Parish Detention Center should not have been given to a diabetic. He claims the medical practitioner changed his medication to correct the Sabine Parish Medical Staff's mistakes. He claims he was given the wrong medication and medical treatment for six months.

Accordingly, Plaintiff seeks monetary compensation.

## LAW AND ANALYSIS

**Medical Claims**

Plaintiff claims he was given the wrong medication and medical treatment for six months while incarcerated at the Sabine Parish Detention Center. He filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law. The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of, or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.[2]

---

[2] It is unclear if Plaintiff is a pretrial detainee or a convicted detainee. However, there is no significant distinction between pretrial detainees and convicted inmates concerning basic human

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994). It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976). Further, the plaintiff must establish that the defendants possessed a culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84. In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

After a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that being prescribed an incorrect medication does not support a finding of deliberate indifference to serious medical needs. See Nunley v. Mills, 217 Fed.Appx. 322, 324 (5th Cir. 2007). Plaintiff has failed to demonstrate defendants possessed a culpable state of mind. Plaintiff does not allege that the Medical Staff intentionally prescribed him

---

needs such as medical care. See Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir.1996) (en banc); Gibbs v. Grimmette, 254 F.3d 545, 548 (5th Cir. 2001).

the wrong medication. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff disagrees with the treatment Defendants provided him. He claims he should not have been given the medication he was prescribed because he is a diabetic. As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort. However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's medical claims should be dismissed with prejudice as frivolous.

**Sabine Parish Sheriff Office**

Plaintiff names the Sabine Parish Sheriff Office as a defendant. A parish sheriff's office is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council, 279 F.3d 273 (5th Cir.1/10/02). Thus, the Sabine Parish Sheriff Office is not a proper defendant.

Accordingly, the Sabine Parish Sheriff Office should be dismissed from this action with prejudice.

**Sabine Parish Detention Center**

Plaintiff names the Sabine Parish Detention Center as a defendant. "It is well established that a detention center is not a legal entity capable of being sued." Robertson v. Detention Center Claiborne Parish, 2009 WL 3241561 (W.D. La. 2009). A detention center is merely a building and grounds, not a person, corporation, or other entity who might properly be sued. Hicks v. Page, 2010 WL 2243584 (W.D. La. 2010). Thus, the Sabine Parish Detention Center is not a proper defendant.

Accordingly, the Sabine Parish Detention Center should be dismissed from this action with prejudice.

**Sabine Parish Detention Center Medical Staff**

Plaintiff names the Sabine Parish Detention Center Medical Staff as a defendant. Medical Staff is simply a description of a group of employees that may not be sued in that fashion. See Ferguson v. Prator, 2014 WL 2465534, (W.D. La. 2014) ("The Medical Administration Caddo Correctional Center, named in the complaint, is also not a separate legal entity."); Ross v. Soignet, 2023 WL 2769509, (E.D. La. 2023) (attempt to name

"Medical Staff" as a defendant was improper because it is not a legal entity capable of being sued; the specific medical personnel must be named). Thus, the Sabine Parish Detention Center Medical Staff is not a proper defendant.

Accordingly, the Sabine Parish Detention Center Medical Staff should be dismissed from this action with prejudice.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 9th day of October 2025.

Mark L. Hornsby
U.S. Magistrate Judge